THE STATE, EX REL. RACHOW, *v.* INDUSTRIAL COMMISSION
OF OHIO ET AL.

(No. 78-1292—Decided April 18, 1979.)

18

Messrs. *Wagoner, Steinberg, Chinnis & Smith* and Mr. *Michael D. Dorf*, for relator.

Mr. *William J. Brown*, attorney general, and Mr. *Solomon Hertzel Basch*, for respondent.

*Per Curiam.* Relator alleges that the commission abused its discretion in denying her motion for permanent and total disability on the sole basis of a recommendation of a physician who had never interviewed or examined her when another commission physician, who did personally examine her, found her permanently and totally disabled.

"* * * This court has often recognized that the determination of disputed factual situations is within the final jurisdiction of the commission, subject to correction by action in mandamus only upon a showing of abuse of discretion. * * * Thus, where the record contains evidence which supports the commission's factual findings, this court will not disturb that determination." *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 282-283. In *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55, this court held that the opinion of a non-examining physician may constitute evidence before

the commission to the extent that it is tantamount to a response to a hypothetical question. In other words, the non-examining physician must expressly accept all the findings of the examining physicians, but may express his own conclusion based on those findings.

Here, in contrast to *Wallace, supra*, Dr. Hardie's report specifically refers to Dr. Singal's report and bases its conclusion upon Dr. Singal's findings. Thus, Dr. Hardie's report constitutes evidence before the commission supporting its conclusion that relator is not permanently and totally disabled.

Relator also charges that it is the commission's practice to shuttle a claimant's file to a physician in its Chief Medical Advisor's Office who will then deny the claim upon a cursory review of the file whenever an examining physician employed by the commission finds a claimant permanently and totally disabled. This, she claims, violates her constitutional right to due process of law. Relator, however, offers no proof substantiating the existence of this alleged commission practice. Thus, this court need not reach the issue of whether such a practice, if shown, is constitutionally suspect.

In conclusion, because the opinion of Dr. Hardie constitutes evidence supporting the commission's denial of relator's motion for permanent and total disability, the commission did not abuse its discretion. Accordingly, relator's complaint for a writ of mandamus must be denied.

*Writ denied.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., concur.

LOCHER, J., not participating.