THE STATE, EX REL. KRAMER, APPELLANT, *v.* INDUSTRIAL
COMMISSION ET AL., APPELLEES.

[Cite as State, ex rel. Kramer, v. Indus. Comm. (1979),
59 Ohio St. 2d 39.]

(No. 78-1424—Decided July 11, 1979.)

*Messrs. Wagoner, Steinberg, Chinnis & Smith* and *Mr. Michael D. Dorf,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Solomon Hertzel·Basch,* for respondents.

*Per Curiam.* It is well established that mandamus will not lie where there is some evidence to support the finding of the Industrial Commission. See *State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128. Where there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes appropriate. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9.

Relator contends that the opinion of Dr. Koenigshoff does not constitute "evidence" upon which the commission could have based its decision. In *State, ex rel. Wallace,* v. *Indus Comm.* (1979), 57 Ohio St. 2d 55, and *State, ex rel. Rachow,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 17, however, this court held that the opinion of a non-examining physician may constitute evidence before the commission to the extent that it is tantamount to a response to a hypothetical question. In other words, the non-examining physician must expressly accept all the findings of the examining physician, but may express his own conclusion based on those findings. Here, Dr. Koenigshoff expressly incorporates the report of Dr. Hein in his opinion and bases his conclusion that relator is not permanently and totally disabled due to the recognized disabilities under the claim on Dr. Hein's "objective physical findings." In particular, Dr. Koenigshoff notes Dr. Hein's finding of "considerable degenerative osteoarthritis in his [relator's] lower spine," a condition never recognized in this claim. Neither Dr. Hein's report nor any other evidence in the record suggests that relator's arthritis is related to his August 5, 1969, industrial injury. In fact, while Dr. Hein concluded that relator is "permanently and totally disabled as far as his back is concerned," he does not state that disability was caused by relator's industrial injury. Thus, we believe that the decision of the commission that relator is not permanently and totally disabled is supported by some evidence. The fact that Dr. Hein is an orthopedic specialist while Dr. Koenigshoff is not extends merely to the weight that the commission may give the evidence, not its sufficiency.

Relator also contends that denial of his claim solely upon the opinion of a non-examining physician when an ex-

amining specialist concludes that he is permanently and totally disabled violates his right to due process of law since that opinion is not competent evidence and it is the commission's practice to arbitrarily deny claims by referring them to staff doctors for only a cursory review. We have already determined that Dr. Koenigshoff's opinion is competent evidence. Relator offers no proof that the commission refers claims to its medical staff to be arbitrarily denied. In fact, in *State, ex rel. General Motors,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, the commission found the claimant there was permanently and totally disabled despite Dr. Koenigshoff's opinion to the contrary.

In conclusion, because the opinion of Dr. Koenigshoff constitutes evidence supporting the commission's denial of relator's motion for permanent and total disability, the commission did not abuse its discretion. Accordingly, relator's complaint for a writ of mandamus must be denied.

*Writ denied.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.