THE STATE, EX REL. ROBINSON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Robinson, *v.* Indus. Comm. (1984), 11 Ohio St. 3d 238.]

(No. 83-1154—Decided June 27, 1984.)

*Messrs. Janes & Janes, Mr. T. Andrew Janes* and *Mr. Charles L. Janes,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Ms. Jenice R. Golson,* for appellee.

*Per Curiam.* "'* * * Where there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes appropriate." *State, ex rel. Kramer,* v. *Indus.*

*Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30]; *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 483.

Appellant argues that there was no evidence upon which the commission could base its decision for the reason that Dr. Hardie did not specifically adopt the findings of the examining physicians in his report as required by *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55, 61 [11 O.O.3d 216]. Appellant is correct that Dr. Hardie's report is deficient in this regard; however, we find sufficient other evidence in the record to support the commission's order.

Dr. Fallon concluded that appellant was "unemployable" as a result of illnesses associated with his diabetes and not his foot injury. Dr. Wehr concluded that as a result of his injury, appellant had a low impairment of fifteen percent. These opinions predate the allowance of the claim for aggravation of preexisting diabetes but were made giving consideration to the effect of appellant's diabetes.

It is essentially appellant's position that by reason of the allowance of the claim for aggravation of preexisting diabetes, he is entitled to have all aspects of his diabetic condition considered in determining whether he is permanently and totally disabled. This is incorrect. While it is unclear what the commission intended in granting this additional allowance, there is nothing in the record to suggest that it includes complications from appellant's diabetes such as vision impairment or atherosclerosis which might contribute to his alleged total disability.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.