THE STATE, EX REL. PETROS, *v.* CONNOR, ADMR., ET AL.

[Cite as State, ex rel. Petros, *v.* Connor (1984), 12 Ohio St. 3d 176.]

(No. 82-382—Decided July 25, 1984.)

*Nurenberg, Plevin, Jacobson, Heller & McCarthy Co., L.P.A., Mr. Michael C. Porterfield* and *Mr. Richard C. Alkire,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Douglas M. Kennedy* and *Mr. Lee M. Smith,* for respondents.

*Per Curiam.* This court has repeatedly stated that the resolution of disputed factual situations lies within the final jurisdiction of the commission, and is subject to correction by an action in mandamus only when it is demonstrated that the commission has abused its discretion. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 50 [1 O.O.2d 190]; *State, ex rel. G F Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446, 447 [20 O.O.3d 379]; *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396, 397 [23 O.O.3d 358]; *State, ex rel. Paragon,* v. *Indus. Comm.* (1983), 5 Ohio St. 3d 72, 74. As stated in *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30], "* * * [w]here there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes

appropriate." See, also, *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481.

In the syllabus of *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518], the definition of temporary total disability was set forth as follows: "Under R.C. 4123.56, temporary total disability is defined as a disability which prevents a worker from returning to his former position of employment."

Relator contends that the medical evidence considered by the commission unequivocally demonstrates that his work-related injury precluded him from returning to his former position of employment. As such, relator argues the commission abused its discretion when temporary total disability benefits were terminated and a temporary partial disability award, totaling thirty-five percent, was entered in its place.

Four medical reports were before the commission pertaining to the question of the extent of relator's disability. Dr. John J. Euliano, Jr., concluded in his report as follows:

"It is extremely doubtful that this patient would ever be able to return to his previous form of work which involved heavy use of his upper extremeities [*sic*]. It may be possible that he could be retrained for lighter duty or work involving the use of the right arm only."

In addition, Dr. C. K. Ramachandran concluded, in his November 1980 report, that relator's physical impairment prevented him from returning to his former position of employment. Relator relies upon the aforementioned medical reports as the primary justification for the issuance of a writ of mandamus.

The commission, in its discretion, chose to rely upon the medical report of Dr. Ronald S. Paloski. After examining relator in March 1980, Dr. Paloski read and noted the medical report of Dr. A. G. Cummings, Jr.,[1] and concluded that relator had a "[t]emporary [p]artial [i]mpairment in the '[l]ow [r]ange' at 25% * * *."

Thus, as evinced from the medical reports considered by the commission, a disputed factual situation existed for the commission to resolve; *i.e.,* whether relator was able to return to his former position of employment as a forklift operator. Although the medical reports of Drs. Euliano and Ramachandran support relator's claim that he was unable to return to his former position of employment, the report of Dr. Paloski, expressly relied upon by the commission, unquestionably supports the discontinuance of temporary total disability benefits in favor of a temporary partial disability award.

In essence, this court is being asked to reweigh the evidence and reach a

---

[1] After having examined relator, Dr. Cummings concluded:

"On the basis of minimal to moderate arthritic changes in the left elbow, I believe Mr. Petros has a permanent/partial disability of low degree. I would estimate his disability at 15%. I believe he is able to carry out all but the most physically rigorous activities with his left upper extremity."

conclusion, opposite that reached by the commission, that relator's injury prevents him from assuming his former position as a forklift operator. This court has, however, consistently refused such requests. *State, ex rel. Kilburn,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 103, 105; *State, ex rel. G F Business Equip., Inc., supra,* at 447. In view of the fact that the commission's decision is fully supported by the evidence upon which it relied in making an award of temporary partial disability benefits, the commission did not abuse its discretion.

Accordingly, the writ of mandamus is denied.

*Writ denied.*


CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J.P. CELEBREZZE, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. In *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O. 3d 518], this court held that temporary total disability is a disability which prevents a worker from returning to his former position of employment. Neither of the medical reports relied upon by the commission concludes that relator is able to return to his former position of forklift operator, which involves rigorous use of his upper extremities. Moreover, medical reports submitted in relator's behalf state that he will never be able to return to his previous employment. I dissent accordingly.

The report of Dr. Ramachandran, expressly relied upon by the commission, indicates that relator will never be able to resume regular work, but will be capable only of light work. This conclusion obviously supports a finding of temporary total disability within the meaning of *Ramirez, supra,* since it clearly states that relator's disability will prevent him from returning to his former position of employment.

Dr. Paloski's report, also cited by the commission in support of its order, concludes that relator is only temporarily and partially disabled in the low range of twenty-five percent. His report is silent on relator's ability to resume work as a forklift operator. Thus, this report is not probative under *Ramirez.*

It is clear from the foregoing that the medical evidence upon which the commission relied in its denial of temporary total disability benefits is completely deficient under this court's dictates in *Ramirez.* The only evidence before the commission which considers the issue of temporary total disability as defined in *Ramirez* is contained in the reports of Drs. Euliano and Ramachandran.

Dr. Euliano's report concludes that "[i]t is extremely doubtful that this patient would ever be able to return to his previous form of work which in-

volved heavy use of his upper extremeities [*sic*]. It may be possible that he could be retrained for lighter duty or work involving the use of the right arm only." The report of Dr. Ramachandran, as noted previously, also concludes that relator is fit only for light work. Both these reports plainly and unequivocally support a finding of temporary total disability as defined in *Ramirez*.

The only remaining report, not cited by the commission in its order, is that of Dr. Cummings, which states that relator is "* * * able to carry out all but the most physically rigorous activities with his left upper extremity." This simply cannot be considered as a statement that relator will be able to return to his former position of employment, as required by *Ramirez*, since relator's former position involved extremely rigorous use of his upper extremities.

Clearly, the only evidence before the commission which considered the issue of temporary total disability as defined in *Ramirez* was contained in the reports of Drs. Euliano and Ramachandran. As these reports actually support relator's application for temporary total disability compensation, the commission abused its discretion in denying such application. Where there is no evidence upon which the commission could have based its decision, that decision constitutes an abuse of discretion, and mandamus becomes appropriate. *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30].

Accordingly, I would grant the relator's writ and direct the commission to reinstate his temporary total disability benefits.