THE STATE, EX REL. HOOVER UNIVERSAL, INC., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, ET AL., APPELLANTS.

(No. 85AP-310 — Decided August 15, 1985.)

*Squire, Sanders & Dempsey* and *Michael J. Hickey,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Gerald H. Waterman,* for Industrial Comm.

*Michael J. Muldoon,* for appellant Templin.

REILLY, P.J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County, Ohio.

A mandamus action was filed by appellee, Hoover Universal, Inc., involving a claim by appellant, Kathleen Harvey Templin, which was allowed and recognized for an occupational lung disease. Appellee is a self-insured employer and paid disability compensation to appellant, along with the related medical bills. Subsequently, appellant filed an application for determination of the percentage of permanent partial disability.

Appellant was examined at the request of the Industrial Commission by Dr. Robert W. Penman, who issued a report concerning appellant's bronchial condition. The matter was heard before an Industrial Commission hearing officer, and the following order was issued:

"It is further the finding of the Hearing Officer that this claim has been recognized for: TDI induces allergic bronchospa disease.

"It is further found from proof of record that the claimant has a percentage of permanent partial disability of 25%, which would entitle [her] to an award for the period of 50 weeks, based on sixty-six and two thirds per cent of [her] average weekly wage, but not to exceed a maximum of $91.67 per week * * *.

"'* * *

"Compensation awarded based on the medical reports of: Dr. Penman."

Appellee filed an application for reconsideration of the twenty-five percent disability award. A staff hearing officer denied the application. Whereupon, appellee filed a mandamus action in the common pleas court.

The trial court found in its decision that:

"'* * * [T]he only interpretation of Dr. Penman's report that would be warranted is that he relied upon the patient's subjective complaints. Pursuant to R.C. § 4121.32(D), clear indication of this reliance should have been made and contained in his report."

The trial court issued the writ of mandamus as prayed for by relator in the petition.

Appellant and the Industrial Commission have perfected appeals to this court.

Appellant's assignment of error reads, as follows:

"The trial court erred in granting a writ of mandamus when there was 'some evidence' upon which the Industrial Commission could rely to base their [*sic*] decision."

The Industrial Commission's assignment of error is the following:

"The trial court erred in the is-

suance of a writ of mandamus, finding that the Industrial Commission's orders were unreasonable, arbitrary, unlawful, and constituted a gross abuse of discretion."

The assignments of error are considered together as they are interrelated.

The trial court, in essence, found the commission's reliance upon the opinion of Dr. Penman was a clear abuse of discretion as the report includes no objective or demonstrable finding as required by R.C. 4123.57(B). The court interpreted Dr. Penman's report as relying upon the patient's subjective complaints and held that R.C. 4121.32(D) requires a definite indication of such reliance, which should have been included in his report.

It is well-established that the determination of disputed factual issues is within the final jurisdiction of the Industrial Commission and mandamus is only appropriate when it has been demonstrated that the commission has abused its discretion. *State, ex rel. G F Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446 [20 O.O.3d 379]; *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396 [23 O.O.3d 358]; and *State, ex rel. Paragon,* v. *Indus. Comm.* (1983), 5 Ohio St. 3d 72. Nonetheless, the Supreme Court wrote in *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30], the following:

"* * * Where there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes appropriate. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9 [58 O.O.2d 66]."

The trial court correctly applied the pertinent provisions of the applicable statutes in this case. R.C. 4123.57 reads in part as follows:

"(B) The district hearing officer, upon such application, shall determine the percentage of the employee's permanent disability, except such as is subject to division (C) of this section, based upon that condition of the employee resulting from the injury or occupational disease and causing permanent impairment *evidenced by medical or clinical findings reasonably demonstrable.* The employee shall receive sixty-six and two-thirds per cent of his average weekly wage, but not more than a maximum of thirty-three and one-third per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, per week regardless of the average weekly wage, for the number of weeks which equals such percentage of two hundred weeks. * * *" (Emphasis added.)

The term "demonstrable" means capable of being demonstrated. Thus, a medical or clinical finding which is reasonably demonstrable is essentially "objective" rather than "subjective." Webster's Third New International Dictionary (1961) defines "objective" concerning a symptom of disease as "perceptible to persons other than an affected individual." *Id.* at 1556. Webster's also defines "subjective" as "arising out of or identified by means of an individual's attention to or awareness of his own states and processes." *Id.* at 2276.

Dr. Penman's findings are included in the examination section of his report. They indicate, however, that appellant's reactions are normal. Thus, it follows that there is no evidence upon which the commission could properly and legally base an award of twenty-five percent permanent partial disability, because a person cannot suffer a permanent partial disability while being normal. There are indeed subjective findings in Dr. Penman's report which show that appellant has a disability. However, as the trial court wrote in its decision, "the only interpretation of Dr. Penman's report

that would be warranted is that he relied upon the patient's subjective complaints."

It is not disputed that the commission is vested with the right to utilize specialists and experts on issues of fact and credibility. Notwithstanding, there must be some reasonably demonstrable evidence to support the commission's findings of permanent disabilities, or the decision is not supported by the so-called "some evidence" rule.

Dr. Penman's report generally discloses that his determination was based upon statements or information furnished by appellant or upon subjective evidence. However, it fails to meet the mandatory requirements of R.C. 4121.32(D), which requires that "when the physician makes a determination based upon statements or information furnished by the claimant or upon subjective evidence, he shall clearly indicate this fact in his report."

Appellant contends that if the appellee had objections to Dr. Penman's report, it should have filed a request to take his deposition, in accordance with the Industrial Commission's rules. This is unnecessary as the report speaks for itself and the parties can assume the commission will correctly apply the statutory law and reject any evidence which is not properly submitted.

For the foregoing reasons, the assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and STERN, JJ., concur.

STERN, ·J., retired Justice of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.