THE STATE, EX REL. BRASWELL, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Braswell, *v.* Indus. Comm. (1986),
25 Ohio St. 3d 61.]

(No. 85-317—Decided July 16, 1986.)

*W. Michael Shay,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Merl H. Wayman,* for appellee.

*Per Curiam.* On numerous occasions this court has stated that only where there is no evidence of record upon which the Industrial Commission could have based its factual conclusions concerning the grant or denial of workers' compensation benefits will an abuse of discretion exist justifying the issuance of the extraordinary writ of mandamus. *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30]; *State, ex rel. Paragon,* v. *Indus. Comm.* (1983), 5 Ohio St. 3d 72, 74; *State, ex rel. Thompson,* v. *Fenix & Scisson, Inc.* (1985), 19 Ohio St. 3d 76, 77.

In the syllabus of *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518], the definition of "temporary total disability" was set forth as follows: "Under R.C. 4123.56, temporary total disability is defined as a disability which prevents a worker from returning to his former position of employment."

When denying appellant's claim for temporary total disability compensation, the commission relied, *inter alia,* upon the medical reports of Drs. Hutchison and Reynolds. In his May 5, 1983 report, Dr. Hutchison concluded as follows:

"The claim has been allowed for low back strain. Based on review of his file and the clinical findings today, I see no objective evidence that would account for TTI [temporary total impairment]. His degree of back impairment at this time is estimated to be low at 10-15% and based primarily on the subjective findings. From the standpoint of orthopedic examination I think he would be able to resume his regular gainful employment. He should be cautioned to do all lifting with his legs and I think at first he will notice some increased muscle soreness, but I feel this should not be of a degree that would interfere with his continuing work activities."

Likewise, Dr. William Reynolds made the following conclusion in his report of May 17, 1982:

"It is my feeling that he [appellant] may have sustained a mild strain at the time of his injury. At this point, I have recommended that he take it easy for another week and then would encourage him to return to work."

Despite the aforementioned medical reports supporting the commission's ultimate decision, appellant propounds that the report of Dr. Hutchison cannot constitute evidence upon which the commission was entitled to rely since, according to appellant, Dr. Hutchison was not familiar with the physical requirements associated with appellant's former position of employment so as to enable him to state with precision whether appellant was capable of returning to that position. Continuing, appellant argues that unless an examining physician discusses in his report the job respon-

sibilities of the claimant, that physician would necessarily be unable to recommend whether the claimant could return to his former position of employment.

Notwithstanding appellant's contentions to the contrary, Dr. Hutchison's report indicates he was sufficiently apprised of the duties surrounding appellant's former position of employment so as to enable him to express an opinion as to whether appellant could indeed assume that position with Union Fork & Hoe Co. For instance, Dr. Hutchison began his report with a history of appellant's lower back complaints, noting that "[h]e was working as a dipper in the finishing department and he stooped down to pick up some fire shovels from a basket on the floor when he experienced sudden sharp pain in the left side of his lower lumbar area." Dr. Hutchison also observed that "[t]he job he was doing at the time of injury is one that he has been doing for many years and there was no difference apparently on the day of injury." Finally, although recommending that appellant resume his former position of employment, he cautioned that appellant should perform his lifting duties as a dipper "with his legs."

The above-described report demonstrates Dr. Hutchison was aware that appellant was employed in the finishing department of Union Fork & Hoe Co. and that he was regularly required to stoop in order to pick up fire shovels. In addition, Dr. Hutchison was sufficiently familiar with appellant's employment to state that the circumstances surrounding the injury in April 1982 were not significantly different than the duties required of appellant during previous years of employment at the plant. Although appellant appears correct in his assertion that a physician conducting a medical examination, where the claimant seeks temporary total disability benefits, should, in most cases, possess some knowledge of the physical requirements associated with the former position of employment, we deem it unnecessary for the physician to trace, in detail, every physical movement necessitated during the average workday.

We therefore conclude that since Dr. Hutchison's report evinces that he was sufficiently familiar with the physical requirements associated with appellant's former position of employment, the commission was justified in relying on the report when determining whether to grant or deny the continuance of temporary total disability compensation.

Accordingly, the judgment of the court of appeals denying the writ is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in judgment only.