THE STATE EX REL. CLARK, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Clark v. Indus. Comm.* (1995), 72 Ohio St.3d 377.]

(No. 94–118—Submitted April 4, 1995—Decided June 28, 1995.)

378

*Wincek & DeRosa Co., L.P.A., Christopher G. Wincek* and *Kurt M. Young,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellants Industrial Commission and Administrator, Bureau of Workers' Compensation.

---

*Per Curiam.* "[A] physician conducting a medical examination, where the claimant seeks temporary total disability benefits, should, in most cases, possess some knowledge of the physical requirements associated with the former position of employment[.] [W]e deem it unnecessary for the physician to trace, in detail, every physical movement necessitated during the average workday." *State ex rel. Braswell v. Indus. Comm.* (1986), 25 Ohio St.3d 61, 63, 25 OBR 83, 85–86, 494 N.E.2d 1147, 1149–1150.

In vacating the commission's order, the appellate court ruled that Dr. Dobrowski's report did not satisfy *Braswell*. We disagree, noting that the report specifically indicates that the doctor knew that claimant was a construction laborer.

Claimant responds that "construction worker" is too general a term, claiming that it encompasses many different duties entailing many different levels of physical exertion. While this may be true, there is no evidence that Dr. Dobrowski misperceived claimant's duties to the detriment of any interested party. There is no indication that Dr. Dobrowski based his conclusion on the erroneous belief that claimant's occupation consisted of sedentary, light or medium work. To the contrary, Dr. Dobrowski noted that claimant was injured while pushing an air compressor—a heavy piece of machinery. Accordingly, we find that the report was "some evidence" supporting the commission's decision.

Ironically, the same "deficiencies" that allegedly invalidate Dr. Dobrowski's report permeate all of claimant's supporting disability evidence as well. Dr. Lee, who certified temporary total disability from June 16, 1988 to June 30, 1989, consistently declined to identify claimant's former position of employment or duties on four C84s. Dr. Lee, therefore, demonstrates no knowledge of claimant's duties.

So, too, with Dr. Corn. His 1990 report describes claimant as a "construction laborer" and recites, almost identically, the description of injuries set forth by Dr. Dobrowski. Dr. Corn's 1991 report also refers to claimant's former position of employment as "construction laborer" with no other elaboration. Finally, on Dr. Corn's sole C84, he again lists claimant's duties as "construction laborer" and claimant's former position of employment as "Horvitz Construction." Claimant's proposition does not, therefore, advance his claimed entitlement to compensation.

The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., dissents.