[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 377.]

THE STATE EX REL. CLARK, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Clark v. Indus. Comm*., 1995-Ohio-100.]

*Workers' compensation—Application for temporary total disability compensation—Examining physician's knowledge of physical requirements associated with former position of employment demonstrated, when.*

(No. 94-118—Submitted April 4, 1995—Decided June 28, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-826.

————————————

{¶ 1} In 1987, appellee-claimant, Patrick Clark, dislocated his left shoulder while in the course of and arising from his employment with respondent Horvitz Construction Company. In June 1988, claimant moved appellant Industrial Commission of Ohio for, among other things, temporary total disability compensation from June 16, 1988 through August 31, 1988, based on the medical certification of then attending physician, Dr. D.K. Lee. Dr. Lee ultimately submitted four C84 "physician report[s] supplemental" that extended temporary total disability to June 30, 1989. On each form, the following questions were left unanswered: (1) "What was the claimant's position of employment at the time of injury[?]" and (2) "What were claimant's duties[?]"

{¶ 2} Dr. Stanley L. Dobrowski examined claimant on the commission's behalf. He reported that:

"The claim was allowed for dislocation of the left shoulder. The claimant states that he was pushing an air compressor and he slipped on some gravel and heard his shoulder pop out and heard it pop back in. Initially seen at Metro General Hospital where a sling was applied. Has had follow-up treatment at the St. Clair Industrial Clinic. States that he had a previous dislocation of the shoulder

approximately 2 years prior to this incident. Following the injury the claimant was able to return to work as a construction worker and was laid off."

{¶ 3} On examination, Dr. Dobrowski found:

"There is slight atrophy of the muscle of the left shoulder. There is no edema [o]r inflammation. The claimant is able to abduct and adduct and internally rotate and externally rotate the left shoulder. There is difficulty with elevation of the left arm above the head."

{¶ 4} He concluded that claimant could "return to his previous position as a construction worker."

{¶ 5} Dr. Robert C. Corn, who also treated claimant, wrote on January 3, 1990:

"The above Claimant has been under my care since 4/27/89 in reference to residuals of injury sustained to his left shoulder while employed as a construction laborer. The injury occurred on 5/13/87. While lifting and turning a large compressor on a construction job and walking on a gravel surface, he lost his footing and fell directly along the anteriolateral aspect of his left shoulder. He has had problems with his shoulder since that time. There is [*sic*] repetitive sensations of 'popping and clicking' which would [be] suggestive of left shoulder instability." He ventured no opinion on claimant's current ability to resume his former duties.

{¶ 6} On May 20, 1991, however, Dr. Corn wrote: "It is my opinion, based on reasonable medical certainty and probability that Mr. Clark remains temporarily and totally disabled since my first initial evaluation on April 27, 1989. In my opinion he will remain on temporary total disability status until he has completed a work conditioning program. An evaluation will need to be performed at that point to ascertain whether he is capable of returning to his previous type of work as a construction laborer. It is my opinion that he has *not* reached his point of maximum medical improvement. The only way to ascertain this would be to have him at a complete work conditioning program." (Emphasis *sic*.)

2

**{¶ 7}** Dr. Corn, in a March 3, 1992 C84 report, extended temporary total disability to July 1, 1992. To the question "What was the claimant's position of employment at the time of injury[?]," he wrote "Horvitz Construction [claimant's employer]." When asked "What were claimant's duties[?]," Dr. Corn responded "construction laborer."

**{¶ 8}** Temporary total disability compensation was denied after the commission, relying on Dr. Dobrowski's report, found that claimant could return to his former position of employment.

**{¶ 9}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying temporary total disability compensation. The appellate court found that Dr. Dobrowski's report was not "some evidence" supporting the commission's decision because:

"* * * Dr. Dobrowski was not sufficiently apprised of relator's job duties to express an opinion as to whether he could return to his former position of employment as a construction worker. There is nothing in the record to show that Dr. Dobrowski possessed any 'knowledge of the physical requirements associated with the former position of employment,' as required by *State ex rel. Braswell v. Indus. Comm.* (1986), 25 Ohio St.3d 61, 63 [25 OBR 83, 85-86, 494 N.E.2d 1147, 1149-1150], other than the fact that he knew that relator was a construction worker. The referee stated in pertinent part:

"'* * * Although Dr. Dobrowski was aware that relator was a construction worker, it does not appear that he was sufficiently apprised of relator's duties with regard to operating a jackhammer for approximately half of his work day. Given the obvious physical exertion associated with operation of a jackhammer, Dr. Dobrowski's reference to relator's job title as 'construction worker' does not support an inference that Dr. Dobrowski was aware of relator's duties as a jackhammer operator. * * *'"

{¶ 10} The appellate court vacated the commission's orders terminating temporary total disability compensation, and returned the cause to the commission for further consideration and amended order.

{¶ 11} This cause is now before this court upon an appeal as of right.

————————————

*Wincek & DeRosa Co., L.P.A., Christopher G. Wincek* and *Kurt M. Young,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellants Industrial Commission and Administrator, Bureau of Workers' Compensation.

————————————

*Per Curiam.*

{¶ 12} "[A] physician conducting a medical examination, where the claimant seeks temporary total disability benefits, should, in most cases, possess some knowledge of the physical requirements associated with the former position of employment[.] [W]e deem it unnecessary for the physician to trace, in detail, every physical movement necessitated during the average workday." *State ex rel. Braswell v. Indus. Comm.* (1986), 25 Ohio St.3d 61, 63, 25 OBR 83, 85-86, 494 N.E.2d 1147, 1149-1150.

{¶ 13} In vacating the commission's order, the appellate court ruled that Dr. Dobrowski's report did not satisfy *Braswell.* We disagree, noting that the report specifically indicates that the doctor knew that claimant was a construction laborer.

{¶ 14} Claimant responds that "construction worker" is too general a term, claiming that it encompasses many different duties entailing many different levels of physical exertion. While this may be true, there is no evidence that Dr. Dobrowski misperceived claimant's duties to the detriment of any interested party. There is no indication that Dr. Dobrowski based his conclusion on the erroneous belief that claimant's occupation consisted of sedentary, light or medium work. To

the contrary, Dr. Dobrowski noted that claimant was injured while pushing an air compressor—a heavy piece of machinery. Accordingly, we find that the report was "some evidence" supporting the commission's decision.

{¶ 15} Ironically, the same "deficiencies" that allegedly invalidate Dr. Dobrowski's report permeate all of claimant's supporting disability evidence as well. Dr. Lee, who certified temporary total disability from June 16, 1988 to June 30, 1989, consistently declined to identify claimant's former position of employment or duties on four C84s. Dr. Lee, therefore, demonstrates no knowledge of claimant's duties.

{¶ 16} So, too, with Dr. Corn. His 1990 report describes claimant as a "construction laborer" and recites, almost identically, the description of injuries set forth by Dr. Dobrowski. Dr. Corn's 1991 report also refers to claimant's former position of employment as "construction laborer" with no other elaboration. Finally, on Dr. Corn's sole C84, he again lists claimant's duties as "construction laborer" and claimant's former position of employment as "Horvitz Construction." Claimant's proposition does not, therefore, advance his claimed entitlement to compensation.

{¶ 17} The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., dissents.

———————————