THE STATE EX REL. GREATOREX, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Greatorex v. Indus.
Comm.* (1997), 79 Ohio St.3d 336.]

(No. 95–542—Submitted May 20, 1997—Decided August 6, 1997.)

338

*Harris & Burgin* and *Cynthia C. Felson,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Cheryl J. Nester,* Assistant Attorney General, for appellants.

---

*Per Curiam.* The commission denied claimant's motion for loss of use of both legs and right arm after finding that claimant's arm and leg problems were not part of the allowed conditions in the claim. Claimant successfully challenged that finding in the court below and, for the reasons to follow, the judgment of the court of appeals is affirmed.

The claim's additional allowance was denominated simply "aggravation of pre-existing multiple sclerosis," with no qualification or restriction. When the commission effectively declared that the additional allowance encompassed only the initial episode of optic neuritis that followed the injury, the court of appeals deemed the declaration to be a modification of the allowance, which could only be accomplished through the exercise of continuing jurisdiction. Because none of the prerequisites to the invocation of continuing jurisdiction had been met, the court of appeals concluded that the commission abused its discretion.

The commission responds that it did not "modify" the allowance; it simply "interpreted" it. It asserts that modification was unnecessary because the additional allowance, from its inception, was limited to the right eye optic neuritis. It bases this latter contention on its reliance on Dr. Steiman's report in additionally allowing the multiple sclerosis ("MS") condition. Dr. Steiman stated that the neuritis was the only component of claimant's MS that was industrially induced. Therefore, by relying on this report, the commission claims that it was clear that the newly allowed condition was limited to claimant's neuritis.

The commission's logic fails because it ignores its equal reliance on Dr. Feibel's report in additionally allowing the MS. Because Dr. Feibel put no qualification on claimant's MS, the limitation that the commission alleges cannot be inferred from the order.

The commission's own actions further undermine its position. In 1991, the commission—citing Drs. Grinvalsky's and Holbrook's reports—found claimant to be permanently and totally disabled. Dr. Grinvalsky made no mention of claimant's neuritis, attributing claimant's inability to work instead exclusively to claimant's arm and leg problems. Dr. Holbrook also discussed these arm and leg problems in great detail. Thus, the commission's award of permanent total disability compensation was based largely, if not completely, on the claimant's arm and leg symptoms. This negates the commission's assertion that neuritis has been deemed the sole compensable facet of claimant's allowed MS condition since the claim's inception.

The commission's reliance on *State ex rel. Robinson v. Indus. Comm.* (1984), 11 Ohio St.3d 238, 11 OBR 551, 465 N.E.2d 78, is misplaced. Robinson sustained an industrial foot injury in 1977. In 1980, an examining physician noted that claimant was also diabetic and that the diabetes could be the cause of claimant's vision and vascular problems.

Later medical examination attributed a low amount of impairment to claimant's foot condition, but found that claimant's diabetes and its complications rendered claimant unemployable. Claimant then sought additional allowance of the diabetes, which the commission allowed as "aggravation of pre-existing diabetic condition." A subsequent application for permanent total disability compensation, however, was denied after the commission concluded that claimant's inability to work was unrelated to the allowed conditions.

Claimant challenged this determination in mandamus. We upheld the commission's order, writing:

"It is essentially appellant's position that by reason of the allowance of the claim for aggravation of preexisting diabetes, he is entitled to have all aspects of his diabetic condition considered in determining whether he is permanently and totally disabled. This is incorrect. While it is unclear what the commission intended in granting this additional allowance, there is nothing in the record to suggest that it includes complications from appellant's diabetes such as vision impairment or atherosclerosis which might contribute to his alleged total disability." *Id.* at 240, 11 OBR at 552, 465 N.E.2d at 80.

The present case is distinguishable from *Robinson* for two reasons. First, while the extent of the commission's additional allowance in *Robinson* may have been unclear, this is not true here. Again, the circumstances of the commission's award of permanent total disability compensation make it clear that, at least in 1991, claimant's leg and arm difficulties were deemed an allowed part of his claim.

Second, *Robinson* does not indicate when claimant's diabetic complications arose. If the claimant already had diabetes-induced vision and vascular problems when he was injured, the commission may have acted properly in refusing to allow the claimant to bring in what would be preexisting, nonindustrial conditions on the coattails of claimant's diabetic condition. In this instance, however, claimant's leg and arm problems indisputably arose after his industrial accident. Thus, some of the considerations that may have prompted the result in *Robinson* are not present here.

We, therefore, recognize claimant's arm and leg symptomatology as being part of the allowed conditions in this claim. The commission's denial of claimant's motion for loss of use of both legs and right arm could be accomplished only by resort to continuing jurisdiction. R.C. 4123.52. Because there is no evidence, or even an allegation, of any of the prerequisites necessary for the exercise of continuing jurisdiction, the commission abused its discretion in finding claimant's leg and arm conditions to be unrelated to the allowed conditions.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.