MEMORANDUM DECISION
In this original action, relator, John Blankenship, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him compensation for the loss of use of both legs, pursuant to R.C.4123.57(B), and to enter an order granting said compensation.
This matter was referred to a court-appointed magistrate, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District. The magistrate has rendered a decision including findings of fact and conclusions of law and has recommended that this court deny relator's request for a writ of mandamus. The relator has filed objections to the magistrate's decision. The objections generally set forth the same arguments raised in relator's brief, and for reasons hereinafter set forth are overruled.
Relator sustained an industrial injury on April 29, 1989, and his claim was allowed for "pulled muscle low back; twisted right leg; herniated disc at L3-4 level; bulging at L5-S1 level; central extrusion of disc material at L4-5; bacterial staph infection at disc space L3-4." On October 21, 1997, relator moved pursuant to R.C. 4123.57(B) for compensation for the alleged loss of use of both legs. The motion was supported by a report from a family physician, Dr. Bhe, who stated that relator was very weak in both legs and unable to walk properly.
The relator submitted an additional medical report dated June 1, 1995, from Dr. Hunter, a commission specialist. Relator was examined by Dr. Yassine on behalf of the Bureau of Workers' Compensation, and while Dr. Yassine indicated relator would not be able to engage in any gainful employment, he later supplemented his initial report and concluded in pertinent part with the following language:
 All this indicates that the patient has problem in using his lower extremities. He did not lose complete function of both lower extremities but he has weakness in both of them making ambulation difficult for him. Also, because of the problem with his lower back he has difficulty ambulating in an erect position.
Following a hearing on April 15, 1998, a district hearing officer denied relator compensation pursuant to R.C.4123.57(B), stating in pertinent part:
 Pursuant to State ex rel. Walker v. I.C., 58 Ohio St.2d 89
(1979), and its progeny, a total and permanent loss of use is required to receive compensation under this section. The case law to date requires amputation, paralysis or loss of function to such a degree that the affected limb might as well be amputated. The claimant does not have this degree of impairment and is therefore not entitled to R.C. Section 4123.57(B) compensation.
 All of the medical reports indicate the claimant has some limited function in his legs. The 2/10/98 and 3/11/98 reports of Dr. Yassine indicate that claimant has weakness in both legs which makes ambulation difficult for him. The 10/9/97 report of Dr. Bhe indicates that claimant is "unable to walk properly." The 6/1/95 report of Dr. Hunter, upon which permanent total disability benefits were granted, noted difficulty with walking and assigned a 25 percent whole body impairment in this claim.
 Thus, claimant is not entitled to compensation under R.C. Section 4123.57(B) for the loss of use of both of his legs as his impairment does not rise to the level required by the case law. (Emphasis sic.)
As correctly postured by the magistrate, the issue in this case is whether the commission applied the correct standard in determining whether relator has sustained a compensable loss pursuant to R.C.4123.57(B) regarding the loss of use of his legs. While the Supreme Court has held that "loss," includes not only loss by amputation but also loss of use, as in State ex rel. Walker v.Indus. Comm. (1979), 58 Ohio St.2d 402, and State ex rel.Greatorex v. Indus. Comm. (1997), 79 Ohio St.3d 336, both of these cases are factually distinguishable. In the instant case, there is, as concluded by the magistrate, "some evidence" upon which to conclude that claimant did not have a total and permanent loss of use of his legs. The record reveals that, both Dr. Yassine and Dr. Hunter commented on the loss of function in the lower extremities and neither indicated that there had been total loss of use.
Relator has argued that the Greatorex case, supra,
extended the loss of use concept to include partial loss of function. We do not agree with relator's interpretation of theGreatorex case. And more importantly, the Greatorex case involved an issue of aggravation of pre-existing multiple sclerosis and the evidence pointed to a loss of use of the limbs to the extent that it could have been reasonably interpreted to be one of total loss of function. The evidence in the case before us does not directly corroborate, or even inferentially establish, that the claimant has a total loss of use of the legs so that eligibility for compensation pursuant to R.C. 4123.57(B) would be appropriate. In this respect and as concluded by the magistrate, there has been no showing of an abuse of discretion by the commission upon denying the award sought by relator.
Following an independent review pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law thereto. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.
For the reasons already stated, the objections of relator are overruled. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ denied.
TYACK, J., and LAZARUS, P.J., concur.