DECISION
{¶ 1} Relator has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order which granted a five percent permanent partial disability award to respondent Jerry J. Johnson and to enter a new order that denies said compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that relator failed to demonstrate that the commission had abused its discretion and that this court should deny the requested writ.
 {¶ 3} Relator filed an objection to the decision of the magistrate arguing facts and issues not relevant to the instant claim and rearguing issues already adequately addressed in the decision of the magistrate. For the reasons stated in the decision of the magistrate, the objection is overruled.
 {¶ 4} Following independent review, pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magistrate, the requested writ is denied.
Objection overruled; writ denied.
BRYANT and WATSON, JJ., concur.
 DECISION IN MANDAMUS {¶ 5} Relator, The Hoover Company, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted a five percent permanent partial disability ("PPD") award for respondent Jerry J. Johnson ("claimant") and ordering the commission to deny claimant's request for PPD compensation in its entirety.
Findings of Fact:
 {¶ 6} 1. Claimant has sustained two separate industrial injuries which are pertinent in this mandamus action. The first injury occurred on January 16, 1986, while claimant was employed by relator. This claim has been assigned claim number 906104-22 and has been allowed for the following conditions: "lumbosacral strain; herniated disc L5-S1 level." Claimant has undergone two surgeries in this claim. In 1987 claimant underwent a laminectomy diskectomy and in 1990 claimant underwent a second lumbar fusion. On November 19, 1997, claimant sustained a second industrial injury in the course of his employment with the Gerstenslager Company. This claim has been assigned claim number 97-611793 and has been allowed for: "lumbar sprain; contusion tailbone." This claim has also specifically been disallowed for: "aggravation of pre-existing lumbar fusion L5-S1."
 {¶ 7} 2. By order mailed January 23, 2001, claimant was found to have a five percent PPD in his claim arising out of his 1997 injury.
 {¶ 8} 3. On May 9, 2001, claimant filed an application with the Ohio Bureau of Workers' Compensation ("bureau") requesting a determination of his percentage of PPD for the conditions allowed in his 1986 claim.
 {¶ 9} 4. Dr. Edmund Wymyslo issued a report dated January 10, 2002, wherein he listed the date of injury as January 16, 1986, identified the appropriate claim number, and identified the conditions allowed in that claim. Dr. Wymyslo noted that claimant had reinjured his low back in 1996 or 1997. Based solely upon the conditions recognized in the 1986 claim, Dr. Wymyslo opined that claimant had a 13 percent whole person impairment.
 {¶ 10} 5. Claimant was examined by Dr. James E. Lundeen who issued a report dated May 18, 2001. Dr. Lundeen examined claimant solely with regard to the allowed conditions in the 1986 claim. On page two of his report, Dr. Lundeen indicated that claimant had a prior and/or subsequent injury to the same area in 1987 (obviously the subsequent injury was in 1997). Following his examination, Dr. Lundeen opined that claimant had a 26 percent whole person impairment as a result of the allowed conditions in the 1986 claim.
 {¶ 11} 6. Claimant was also examined by Dr. Richard N. Kepple on February 15, 2002. Dr. Kepple examined claimant with regard to the 1986 claim and the conditions allowed within that claim. Ultimately, Dr. Kepple opined that claimant had a five percent whole person impairment for the allowed conditions in his claim.
 {¶ 12} 7. Dr. Kepple prepared an addendum to his original report to address the effective newly provided medical reports concerning claimant's 1997 injury which claimant had not made available to Dr. Kepple at the time of the examination. Dr. Kepple concluded that the 1997 intervening injury would account for all of the findings which Dr. Kepple had inadvertently attributed to the 1986 injury and, thereafter, opined that claimant had a zero percent impairment with regard to the 1986 injury.
 {¶ 13} 8. On January 23, 2002, the bureau issued a tentative order finding that claimant had a 13 percent PPD based upon the report of Dr. Wymyslo.
 {¶ 14} 9. Relator filed an objection to the bureau's order.
 {¶ 15} 10. On February 15, 2002, relator had claimant examined by Dr. Kepple.
 {¶ 16} 11. On February 28, 2002, relator's objection was heard before a district hearing officer ("DHO") who determined that, based upon the reports of Drs. Lundeen, Wymyslo, and Kepple, claimant was entitled to a 13 percent PPD award.
 {¶ 17} 12. Relator filed an application for reconsideration requesting that claimant's award of PPD compensation should be reduced consistent with the medical evidence and take into account claimant's 1997 intervening injury.
 {¶ 18} 13. The matter was heard before a staff hearing officer ("SHO") on April 19, 2002. The SHO granted relator's application for reconsideration and modified the prior DHO order as follows:
 {¶ 19} "* * * [T]hat the claimant has 5% permanent partial disability as a result of the allowed condition(s) * * *.
 {¶ 20} "* * *
 {¶ 21} "This order is based upon the report of Dr(s). Wymyslo; Lundeen; and Kepple."
 {¶ 22} 14. Relator filed a request for reconsideration which was denied by order of the commission mailed June 14, 2002.
 {¶ 23} 15. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 24} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 25} The thrust of relator's argument is that the reports of Drs. Wymyslo and Lundeen do not state whether the disability that each doctor referred to in his respective report is an additional physical impairment above the percentage of PPD already granted with regard to the 1997 injury. Relator contends that neither Dr. Wymyslo nor Lundeen indicated an awareness of the prior award of PPD compensation granted in the 1997 claim. Relator points out that Dr. Wymyslo indicates that an additional injury occurred in either 1996 or 1997, and that Dr. Lundeen indicated that there was a subsequent injury in 1987 whereas the subsequent injury actually occurred in 1997. Relator cites this court's decision in State ex rel. Yellow Freight System, Inc. v. Indus. Comm. (May 28, 1998), Franklin App. No. 97APD04-574, in support.
 {¶ 26} PPD compensation is payable pursuant to R.C. 4123.57
which provides, in pertinent part, as follows:
 {¶ 27} "* * * [T]he employee may file an application with the bureau of workers' compensation for the determination of the percentage of the employee's permanent partial disability resulting from an injury * * *.
 {¶ 28} "* * * [T]he administrator of workers' compensation shall review the employee's claim file and make a tentative order as the evidence before the administrator at the time of the making of the order warrants. * * *
 {¶ 29} "The administrator shall notify the employee, the employer, and their representatives, in writing, of the tentative order and of the parties' right to request a hearing. * * *
 {¶ 30} "If the employee, the employer, or their representatives timely notify the administrator of an objection to the tentative order, the matter shall be referred to a district hearing officer who shall set the application for hearing with written notices to all interested persons. Upon referral to a district hearing officer, the employer may obtain a medical examination of the employee, pursuant to rules of the industrial commission.
 {¶ 31} "(A) The district hearing officer, upon the application, shall determine the percentage of the employee's permanent disability * * * based upon that condition of the employee resulting from the injury * * * and causing permanent impairment evidenced by medical or clinical findings reasonably demonstrable. * * * Except on application for reconsideration, review, or modification, which is filed within ten days after the date of receipt of the decision of the district hearing officer, in no instance shall the former award be modified unless it is found from medical or clinical findings that the condition of the claimant resulting from the injury has so progressed as to have increased the percentage of permanent partial disability. A staff hearing officer shall hear an application for reconsideration filed and the staff hearing officer's decision is final. * * *"
 {¶ 32} In construing the term "reasonably demonstrable" from former R.C. 4123.57(B), now R.C. 4123.57(A), this court stated as follows in State ex rel. Hoover Universal, Inc. v. Indus. Comm. (1985),26 Ohio App.3d 175, 177:
 {¶ 33} "The term `demonstrable' means capable of being demonstrated. Thus, a medical or clinical finding which is reasonably demonstrable is essentially `objective' rather than `subjective.' Webster's Third New International Dictionary (1961) defines `objective' concerning a symptom of disease as `perceptible to persons other than an affected individual.' Id. at 1556. Webster's also defines `subjective' as `arising out of or identified by means of an individual's attention to or awareness of his own states and processes.' Id. at 2276."
 {¶ 34} In reviewing the report of Dr. Wymyslo, this magistrate notes that Dr. Wymyslo indicated that he was aware that claimant had reinjured his low back in either 1996 or 1997. As such, it appears that Dr. Wymyslo was aware that claimant had a subsequent low back injury. In reviewing the report of Dr. Lundeen, this magistrate notes that Dr. Lundeen was specifically examining claimant for the allowed conditions he sustained in his 1986 injury. In the body of that report, Dr. Lundeen does indicate a subsequent injury to the same area in 1987. As such, although Dr. Lundeen had the year wrong, it is apparent that he was also aware that there was a subsequent injury to claimant's back. Both doctors listed their objective findings and concluded that the percentages of PPD which they indicated were attributable solely to the 1986 injury.
 {¶ 35} Relator cites this court's decision in Yellow Freight, supra, and asserts that, pursuant to Yellow Freight, all of the doctors were required to indicate both an awareness of the prior award of PPD granted in claimant's 1997 claim as well as allocate their findings among the claimant's various claims so that a claimant does not recover multiple times for the same PPD. Relator contends that in order to demonstrate an awareness of the subsequent injury, the doctors were required to note the date and cause of injury as well as what treatment has been rendered and whether the claimant has been awarded any compensation for the injury. Relator contends that the reports of Drs. Wymyslo and Lundeen cannot constitute some evidence as their reports do not include the above detailed explanation. For the reasons that follow, this magistrate disagrees.
 {¶ 36} In Yellow Freight, the claimant had two claims which had been recognized for exactly the same condition, namely "cervical strain." In fact, the claimant had sustained three separate injuries. The court noted that Dr. Guluzian seemed unaware that the claimant had suffered three separate injuries. In granting a writ of mandamus, this court noted that the medical examinations and reports concerning claimant should reflect an awareness of all three injuries and should attempt to allocate, if possible, any disability among the three injuries. As such, following Yellow Freight, it is clear that the doctors' reports must reflect an awareness of multiple injuries and, if possible, should attempt to allocate any disability among those injuries. There is no requirement that the doctors provide the detailed analysis in their reports which relator asserts.
 {¶ 37} In the present case, this magistrate finds that Dr. Wymyslo clearly indicated an awareness that claimant had sustained a second injury to his lower back. Arguably, Dr. Lundeen's report is not as clear concerning the date of the other injury. There is no requirement that the doctors indicate an awareness that claimant had previously been awarded PPD compensation with regard to the 1997 claim. Instead, as stated previously, the doctor is required to show an awareness of a subsequent injury. Both doctors' reports clearly meet that criteria. Further, both doctors indicated that their opinion as to PPD was based solely on the conditions allowed in the 1986 claim. As such, no allocation was made because the doctors themselves did not consider the 1997 claim at all.
 {¶ 38} Because this magistrate finds that the reports relied upon by the commission constitute some evidence upon which the commission could rely and that the doctors noted an awareness of the subsequent injury and confined their opinion solely to the 1986 injury, this magistrate finds that relator has not demonstrated that the commission abused its discretion. Even if Dr. Lundeen's report is removed from evidentiary consideration, there is still some evidence in the record upon which the commission relied.
 {¶ 39} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused it discretion in awarding claimant a five percent PPD award and relator's request for a writ of mandamus should be denied.