THE STATE, EX REL. GRIFFIN, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

(No. 81-1112—Decided June 23, 1982.)

*Messrs. Thompson, Meier & Dersom, Mr. Harold C. Meier*
and *Mr. Thomas D. Thompson,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellee Industrial Commission.

*Per Curiam.* Appellant contends that the commission abused its discretion when his motion for permanent total disability benefits was denied. We disagree.

This court has often stated that "* * * the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16; *State, ex rel. Reed,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 200. Additionally, where the record before the commission contains some evidence supporting its factual findings, those findings will not be disturbed. *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77; *State, ex rel. Davis,* v. *Indus. Comm.* (1979), 60 Ohio St. 2d 160; *State, ex rel. Dodson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 408.

In the instant cause, the hereinbefore mentioned medical opinion of Dr. Kackley clearly constitutes some evidence upon which the commission was entitled to rely in reaching a determination resulting in the denial of appellant's motion for a permanent and total disability award. Accordingly, since the record contains some evidence which supports the factual findings of the commission, those findings will not be disturbed.

For the foregoing reasons, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

CLIFFORD F. BROWN, J., concurring. The issue presented in this case was not whether the claimant was unable to work, but whether that inability was due to the work related injuries he sustained in 1959. All submitted medical reports contained language which suggested that the claimant's present condition did not necessarily stem from his industrial injuries. There was therefore substantial, reliable, and probative evidence to support the commission's denial of permanent and total disability.

Accordingly, and because the *per curiam* opinion recognizes the continuing validity of the nebulous "some evidence" rule (see dissents in *State, ex rel. Allerton,* v. *Indus. Comm.* [1982], 69 Ohio St. 2d 396, at 399-400, and *State, ex rel. Teece,* v. *Indus. Comm.* [1981], 68 Ohio St. 2d 165, at 170-174), I concur in the judgment only.