OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Hanna, Appellant, v. Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Hanna v. Indus. Comm. (1994), Ohio St.3d .]
(No. 93-93 -- Submitted February 22, 1994 -- Decided April 27, 1994.)
Appeal from the Court of Appeals for Franklin County, No. 91AP-1365.

Appellant-claimant, James A. Hanna, sustained four injuries while in the course of and arising from his employment with B.L.&G. Boiler Works. The most severe is a 1977 low-back injury. Claimant also has serious coronary artery disease unrelated to his industrial injuries.

In 1988, claimant applied to appellee, Industrial Commission of Ohio, for permanent total disability compensation. Four medical reports are relevant. Dr. Anthony Vamvas found that claimant's back condition precluded his return to his former job, but not sedentary sustained remunerative employment. Dr. William G. Kraus concluded that claimant "is not able to perform sustained remunerative employment, but not solely on the basis of his allowed [orthopedic] conditions." He felt that light work was consistent with the restrictions imposed by claimant's allowed orthopedic conditions. Dr. Mario Brezler opined that claimant had no impairment due to an allowed pulmonary condition. He also indicated that claimant's nonallowed cardiac condition presented "significant limitations with impairment" and would bar a return to claimant's former position of employment. Dr. Robert R. Rosen, in his combined-effects review, concluded that claimant had a forty-two percent permanent partial impairment due to the allowed conditions and was "not permanently and totally disabled from sustained remunerative employment."

The Industrial Commission's Rehabilitation Division closed claimant's case on September 14, 1990, finding that claimant "would not benefit from rehabilitation services at this time." The division in its vocational evaluation noted with reference to claimant:

" -- forty-nine (49) years of age; sixth (6th) grade

education[,]

" -- prognosis for rehabilitation services are poor, barriers[:]

"a)  decreased physical capacities,
"b)  financial disincentive,
"c)  limited education,
"d)  narrow scope of vocational experiences,
"e)  medication usage,
"f)  deconditioned state,
"g)  unclear medical issues,
"h)  lack of interest in rehabilitation services,
" -- currently receiving Social Security benefits,
" -- approximately sixteen (16) vocationally productive years,
" -- below average general learning ability,
" -- below average in eight (8) out of ten (10) areas tested,
" -- currently taking medications that may interfere with his performance while working."

The division concluded:

"Mr. Hanna presents with no rehabilitation potential. Medically speaking[,] his cardiac condition alone precludes his active participation in a rehabilitation program.  His exertion angina, cardiac medications, history of heart attacks all indicate a need for cardiac work-up and clearance before rehab can be considered.  Even with clearance, Dr. Clairmont, physician for the ICE evaluation indicated Mr. Hanna's physical capacities will not likely change from sedentary even with rehabilitation.  Claimant's vocational potential has also been rated as poor.  This decreased physical capacities [sic], limited education, narrow scope of vocational experiences, scores, below competitive level work samples, etc. all reveal, Mr. Hanna has no transferable skills to become successful in rehabilitation.  It is an unfortunate situation for such a young man that this reviewer has determined Mr. Hanna has no rehabiliation potential * * *."

This entire preceding paragraph was incorporated into a statement of facts prepared for the commission's review.

On July 10, 1991, the commission denied permanent total disability compensation, based:

"* * * particularly upon the reports of Doctor(s) Vamvas, Brezler, Kraus and Rosen, a consideration of the claimant's age, education, work record and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts prepared for the hearing on the instant Application, the evidence in the file and the evidence adduced at the hearing.  It is noted that the claimant is age 50, with a 6th grade education and a work history as a construction worker, an automobile washer and as a laborer.  It is also noted that claimant has a significant unrelated medical history of coronary artery disease and has had two heart attacks.  In light of these factors and in conjunction with the reports of Drs. Brezler, Kraus and Rosen, claimant is found not to be permanently and totally disabled."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, seeking to compel the commission to vacate its order and enter an award of permanent total

disability compensation.  The court agreed that the commission's order did not adequately explain its reasoning, but declined to grant the relief sought.  Instead, the court issued a limited writ that returned the cause to the commission for further consideration and amended order pursuant to State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

This cause is now before this court upon an appeal as of right.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy; Hahn & Swadey and Victor Hahn, for appellant.

Lee I. Fisher, Attorney General, Michael P. O'Grady and Richard A. Hernandez, Assistant Attorneys General, for appellee.

Per Curiam.  We are asked to preliminarily determine whether the commission's permanent total disability order satisfies Noll.  If it does not, we must further decide whether to: (1) return the cause to the commission for further explanation per Noll or (2) simply order the commission to grant permanent total disability compensation pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.  We favor the first alternative.

As is increasingly the case, the commission's order combines vocational factors that are both favorable and unfavorable without explaining how these factors make claimant capable of sustained remunerative employment.  For this reason, the commission's order does not comply with Noll.

The presence of disabling nonallowed medical conditions, however, makes this case unconducive to the relief granted pursuant to Gay.  If claimant is indeed unable to work and that inability is due, not to his combined allowed medical and nonmedical factors, but to his heart condition, the commission's decision is appropriate.  The commission's order, however, does not clearly indicate whether this is the case.

The possibility of a defensible commission order distinguishes this case from Gay.  It is not one in which the commission's decision is so incapable of any justification as to render futile a return of the cause to the commission for further consideration and explanation.

Accordingly, the appellate court's judgment is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright and Pfeifer, JJ., concur.

Resnick and F.E. Sweeney, JJ., dissent and would reverse on authority of State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.