THE STATE EX REL. HADDIX, APPELLANT AND CROSS-APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT.

[Cite as *State ex rel. Haddix v. Indus. Comm.* (1994), 70 Ohio St.3d 59.]

(No. 93–1449—Submitted May 16, 1994—Decided August 10, 1994.)

*Hochman & Roach Co., L.P.A., Gary D. Plunkett* and *Nicholas E. Davis, Jr.,* for appellant and cross-appellee.

*Lee Fisher,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for cross-appellant and appellee.

*Per Curiam.* Claimant seeks a writ of mandamus to compel a permanent total disability award that is consistent with our recent decision in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission wants its order reinstated, and essentially contends that *Noll* has not been violated. Upon review, we favor claimant's position.

As is true with all disputes arising under *Noll* and *Gay,* the success of claimant's permanent total disability application rests on the interpretation given his nonmedical disability factors. In this case, the commission's order is internally inconsistent.

The present order lists three nonmedical factors—age, education and work history. The commission was silent on the first, giving no clue as to whether claimant's age was viewed favorably or unfavorably. Its observation that claimant was sixty years old appears to be no more than that—a random factual observation with no significance attached one way or the other.

Education, on the other hand, was specifically deemed an obstacle to reemployment, so it does not support the transferable-skills theory. This leaves the commission's conclusion resting solely on claimant's work history.

The commission determined that claimant's prior work as a gas station attendant and press operator provided him with skills transferable to sedentary employment. The commission's order, however, does not identify what those skills are. Such elaboration is critical in this case, since common sense suggests that neither prior work is, in and of itself, sedentary.

The commission responds that it "inferred" from claimant's gas station job that claimant "perform[ed] a variety of duties, which would include such things as pumping gas, washing windows, dealing with customers at retail, making change, filling out credit card slips, operating a cash register, and light custodial work." Again, however, none of this explanation was stated in the order. Moreover, pumping gas, washing windows and light custodial duties do not suggest sedentary employment.

The commission's order, contrary to *Noll,* does not, therefore, adequately explain how these vocationally neutral and/or unfavorable factors combine to produce a claimant who is able to work. Equally important, we are not convinced that such an explanation is possible. Claimant is now in his sixties. He did not attend even high school and has worked as a gas station attendant and press operator. We thus find relief consistent with *Gay* to be appropriate.

The appellate judgment is hereby reversed and a writ of mandamus is allowed.

*Judgment reversed*
*and writ allowed.*

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., and Wright, J., dissent.

Moyer, C.J. I dissent.

Wright, J., dissenting. Not long ago this court unanimously returned a workers' compensation case to the Industrial Commission with instructions to exercise more care in making decisions and to articulate the socio-economic factors it relies upon. See *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Frustrated with the results of various decisions by the commission, a majority of this court in *State ex rel. Gay v. Mihm* (1994), 68

Ohio St.3d 315, 626 N.E.2d 666, seemingly undermined the long-standing "some evidence" rule by devising a new standard, a standard as yet unexplained. I, along with the Chief Justice, dissented from the syllabus in *Gay*. See, also, my dissent in *State ex rel. Koonce v. Indus. Comm.* (1994), 69 Ohio St.3d 436, 439, 633 N.E.2d 520, 523.

Today's decision does more than jettison the some evidence rule; it seizes the whole process of review from the commission and places it squarely in the courts. The record in this case illustrates this point and surely demonstrates the folly of our ways.

As noted by the majority, claimant's doctor, Dr. Siehl, opined that claimant was unable to engage in work on a sustained basis. However, the commission's own doctor, Dr. Louis, after examining claimant, concluded that he was only sixty-five percent impaired and could, therefore, engage in sustained remunerative employment.

In my view, it was the commission's prerogative to find the report of Dr. Louis more persuasive than the report of Dr. Siehl. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Dr. Louis's report certainly constitutes "some evidence" to support the commission's order.

I readily concede that the sociological factors contained in the record in this case could conceivably lead to the conclusion reached by the majority, but reaching that conclusion is a function of the commission.

Rather than treat my brethren to another acerbic commentary about the virtues of *stare decisis*, I make just one salient comment and offer a prediction. What we have done of late in this area of the law is to abandon the fundamental basis for granting mandamus relief in workers' compensation cases by establishing what amounts to *de novo* review of determinations by the commission. In my view this is not only bad law but terrible public policy as well.[1]

---

1. I believe Justice Douglas had it exactly right in his concurrence in *State ex rel. Rouch v. Eagle Tool & Machine Co.* (1986), 26 Ohio St.3d 197, 203–206, 26 OBR 289, 294–296, 498 N.E.2d 464, 470–471, when he stated:

"We have recited time and again that it is the duty of the Industrial Commission to decide all questions of fact within its jurisdiction. *State, ex rel. Coen, v. Indus. Comm.* (1933), 126 Ohio St. 550, 552 [186 N.E. 398, 399]; *State, ex rel. Allied Wheel Products, Inc., v. Indus. Comm.* (1956), 166 Ohio St. 47, 50 [1 O.O.2d 190, 192, 139 N.E.2d 41, 44]; *State, ex rel. Reed, v. Indus. Comm.* (1965), 2 Ohio St.2d 200, 202 [31 O.O.2d 408, 410, 207 N.E.2d 755, 757–758]; *State, ex rel. Haines, v. Indus. Comm.* (1972), 29 Ohio St.2d 15, 16 [58 O.O.2d 70, 70–71, 278 N.E.2d 24, 25]; *State, ex rel. General Motors Corp., v. Indus. Comm.* (1975), 42 Ohio St.2d 278, 282 [71 O.O.2d 255, 258, 328 N.E.2d 387, 390]; *State, ex rel. Teece, v. Indus. Comm.* (1981), 68 Ohio St.2d 165, 169 [22 O.O.3d 400, 402, 429 N.E.2d 433, 436]; *State, ex rel. Griffin, v. Indus. Comm.* (1982), 70 Ohio St.2d 264, 265 [24 O.O.3d 348, 348, 436 N.E.2d 1039, 1040]. Thus, the first issue becomes, what are the factual questions, 'within the jurisdiction of the commission,' which are to be decided when a worker seeks compensation?

"Section 35, Article II, of the Ohio Constitution provides the framework for the creation of a workers' compensation system within this state. The Constitution gives the General Assembly the authority to establish a board which ' * * * may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification and to collect, administer and distribute such fund, and *to determine all right of claimants thereto.* * * * *' (Emphasis added.)

"The constitutional directive that the board 'determine all right of claimants' requires that a decision be made on two matters. The first is whether a claimant has the *right* to participate in the fund (allowance or disallowance of the claim). If it is determined, by any proper procedure, that a claimant has the right to participate, then the second responsibility of the commission is to determine *to what extent* such participation should be allowed (extent of claimant's disability). To facilitate the determination of these two matters, lawmakers enacted a statutory provision which allowed the courts to share the jurisdiction of the board as to the former decision, but which vested *sole* jurisdiction over the latter with the commission.

"Thus, orders and findings of the commission which address the claimant's *right to participate* in the Workers' Compensation Fund can be challenged by way of a statutorily provided court appellate procedure. R.C. 4123.519 and its predecessor, G.C. 1465–90, provide for an appeal, on the merits, from a final decision of the commission, to resolve 'right to participate' disputes. Pursuant to the current statute, a claimant can appeal from the disallowance of his claim, or the employer can appeal from the commission's allowance of a worker's claim. The court then conducts a *de novo* trial, and a determination is made of the claimant's eligibility to participate in the Workers' Compensation Fund.

"Conversely, the determining of the *extent* of participation in the fund is reserved to the commission. That is, if the decision of the commission or the court is to allow the claimant to participate, the claimant returns to the commission for a determination of the amount and duration of benefits. If the claimant or employer is dissatisfied with the decision of the commission as to the extent of disability, an appeal may *not* be taken to the courts for a *de novo* determination. This is simply because the courts have not been granted jurisdiction to hear such an appeal.

"R.C. 4123.519 is very explicit in its terms. In part, it reads:

" 'The claimant or the employer may appeal a decision of the industrial commission * * * in any injury or occupational disease case, *other than a decision as to the extent of disability,* to the court of common pleas * * *.' (Emphasis added.)

"In the syllabus of *State, ex rel. Bosch, v. Indus. Comm.* (1982), 1 Ohio St.3d 94 [1 OBR 130, 438 N.E.2d 415], this court crystallized the operation of R.C. 4123.519 by holding:

" ' 'Once a claimant's right to participate in the Workers' Compensation Fund for an injury to a specific part of the body has been determined, any further determination of the Industrial Commission pertaining to the computation of compensation payable under the workers' compensation law for that specific injury is as to "extent of disability," and is not appealable pursuant to R.C. 4123.519.' ·(Citations omitted.)

"Additionally, the General Assembly has *expressly* exempted the commission's decisions from the appellate procedure contained within the Administrative Procedure Act. R.C. 119.01(A) states in part:

" ' * * * Sections 119.01 to 119.13 of the Revised Code do not apply to actions of the industrial commission or the bureau of workers' compensation under sections 4123.01 to 4123.94 of the Revised Code with respect to all matters of adjudication * * *.'

"These enactments lend finality to the commission's factual decisions relating to the rights of claimants under the Workers' Compensation Act. In effect, the jurisdiction of the commission to decide extent of disability is, thus, not only exclusive, but conclusive.

"Nevertheless, historically, non-appealable decisions of the commission have been accorded review through an action in mandamus. This court stated in *State, ex rel. General Motors Corp., v. Indus. Comm., supra* [42 Ohio St.2d], at 280 [71 O.O.2d at 257, 328 N.E.2d at 389]:

" ' * * * [W]here the commission's order constitutes a finding as to the extent of disability, an appeal is unavailable and mandamus is proper to test the commission's exercise of its discretion. * * *'

I predict that a *de novo* review of the decisions reached by the commission will lead to a veritable deluge of appeals to the Tenth District Court of Appeals (and from there to this court) with the attendant costs thereto and a complete lack of predictability in the law.

More in sorrow than in anger, I must dissent.

"A proceeding in mandamus, however, is not to be confused with an appeal *de novo*. As this court stated in *State, ex rel. Marshall, v. Keller* (1968), 15 Ohio St.2d 203, 205 [44 O.O.2d 184, 185, 239 N.E.2d 85, 87]:

" ' * * * Mandamus is not a substitute for an appeal, nor can it be used to create an appeal in cases where an appeal is not provided by law. * * *'

"Repeatedly, this court has stated that a writ of mandamus may be issued only where there has been an abuse of discretion on the part of the commission. As discussed *infra*, such abuse is evident only upon a showing that the commission's decision was rendered without 'some evidence' to support it. *State, ex rel. Thompson, v. Fenix & Scisson, Inc.* (1985), 19 Ohio St.3d 76 [19 OBR 117, 482 N.E.2d 1241]; *State, ex rel. Teece, v. Indus. Comm., supra; State, ex rel. Paragon, v. Indus. Comm.* (1983), 5 Ohio St.3d 72, 74 [5 OBR 127, 128, 448 N.E.2d 1372, 1374]; *State, ex rel. Kramer, v. Indus. Comm.* (1979), 59 Ohio St.2d 39, 42 [13 O.O.3d 30, 31, 391 N.E.2d 1015, 1017]." (Footnote omitted.)