THE STATE EX REL. PIERCE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Pierce v. Indus. Comm.* (1997), 77 Ohio St.3d 275.]

(No. 94–2425—Submitted October 8, 1996—Decided January 15, 1997.)

276

*Zwick Law Offices Co., L.P.A.,* and *Victoria Zwick Klapp,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellee Industrial Commission.

*Rendigs, Fry, Kiely & Dennis, Edward R. Goldman* and *Michael P. Foley,* for appellee Dravo Corporation.

---

*Per Curiam.* Claimant characterizes the commission's order as *Noll*-deficient and seeks relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The court of appeals agreed with claimant's underlying contention, but did not invoke *Gay.* We affirm its judgment.

The commission's order violates *Noll* because it does not explain how claimant's nonmedical factors combine to make him work-amenable. The commission's mere acknowledgment of claimant's age and education is not enough. *State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 662 N.E.2d 364; see *State ex rel. Hanna v. Indus. Comm.* (1994), 69 Ohio St.3d 120, 630 N.E.2d 693.

The commission's discussion of claimant's work history is also inadequate. With increasing, and disturbing, frequency we are finding that no matter what claimant's employment background is, the commission finds skills—almost always unidentified—that are allegedly transferable to sedentary work. In some cases, depending on the claimant's background, these skills are self-evident. In many cases, they are not.

In *State ex rel. Haddix v. Indus. Comm.* (1994), 70 Ohio St.3d 59, 61, 636 N.E.2d 323, 324, we held:

"The commission determined that claimant's prior work as a gas station attendant and press operator provided him with skills transferable to sedentary employment. The commission's order, however, does not identify what those skills are. Such elaboration is critical in this case, since common sense suggests that neither prior work is, in and of itself, sedentary."

The present claimant was an ironworker—a position that is neither sedentary nor light duty. Again, however, the commission found skills transferable to light work, without specifying what those skills were. The reference to supervisory skills, without more, is not enough in this case, given claimant's tenure as a working, as opposed to purely administrative, supervisor.

The commission's failure to produce a satisfactory order leaves us with two remedies—an award of permanent total disability compensation pursuant to *Gay* or a return to the commission for further consideration pursuant to *Noll.* We find the latter to be appropriate here, given claimant's medical profile. Dr. McCloud rather reluctantly assessed a thirty-percent impairment after suggesting that claimant may have been less than forthright in his medical presentation. The only restriction imposed by Dr. McCloud upon claimant was repetitive lifting in excess of twenty pounds. The lack of the often-seen restrictions on prolonged walking, sitting, standing, etc., appears to leave claimant with considerably more physical reserve than most back-injury claimants. This level of impairment and residual capacity are much more favorable than that generally seen in cases where *Gay* relief issues.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.