[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 266.]

THE STATE EX REL. JACKSON, APPELLANT, *V.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Jackson v. Indus. Comm.*, 1997-Ohio-152.]

*Workers' compensation—Denial of application for permanent total disability compensation by Industrial Commission—Commission ordered to review application further and issue an amended order, when.*

(No. 95-528—Submitted April 15, 1997—Decided July 23, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD01-81.

_____

{¶ 1} Lane Jackson, appellant, seeks a writ of mandamus ordering appellee Industrial Commission of Ohio to vacate its denial of his application for permanent total disability compensation ("PTD") and to grant him this relief.

{¶ 2} Jackson injured his neck and back in 1978 while working for appellee L&W Construction, Inc. He also injured his neck, back, and shoulder in 1990 while working for appellee Mosser Construction, Inc. His two workers' compensation claims were recognized for "acute cervical and lumbosacral contusions, ligamentous sprain and paraspinal myofascitis" and "acute cervical sprain, acute sprain and strain of left deltoid and lumbosacral, left rotator cuff tear," respectively. He applied for PTD in 1992 based on both allowed conditions. The commission denied PTD, explaining:

"It is the finding of the Commission that this claim has been recognized for: Acute cervical and lumbosacral contusions, ligamentous sprain and paraspinal myofascities [*sic*].

"That the Commission find[s] from proof of record that the claimant is not permanently and totally disabled for the reason that the disability is not total; that

is, the claimant is able to perform sustained remunerative employment; that therefore the Permanent Total Disability Application * * * be denied.

"The reports of Doctor(s) Anderson, Charms, Kaffen and McCloud, were reviewed and evaluated. The order is based particularly upon the reports of Doctor(s) Kaffen and McCloud, evidence in the file and/or evidence adduced at the hearing.

"Claimant is 57 years of age, has his G.E.D. and work experience as a construcitlon [*sic*] laborer for 23 years. Treatment has been mostly conservative. Claimant last worked less than 3 years ago. Dr. Kaffen judged claimant as a 44% impairment and capable of working within certain restrictions. Dr. McCloud judged claimant as a 45% impairment and capable of working within certain restrictions. Based on the evidence on file, it is concluded claimant is not permanently and totally disabled. Based upon a consideration of all the above factors, including claimant's relatively high level of education, it is concluded that claimant retains the physical and mental abilities to engage in sustained remunerative employment within the restrictions listed by Drs. McCloud and Kaffen. Therefore, the claimant is not permanently and totally disabled."

{¶ 3} Jackson then sought the instant writ in the Court of Appeals for Franklin County. He argued that the commission had not explained how his permanent partial impairment, age, education, work experience, and lack of rehabilitation potential combined to permit employment, as required by *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, and *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. He also asserted his eligibility for PTD under *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. A referee found the commission's order sufficient and recommended denial of the writ. The court of appeals denied the writ, overruling Jackson's objections and adopting the referee's report.

{¶ 4} The cause is before this court upon an appeal as of right.

———————————

*Cooper, Spector & Weil* and *Gary M. Spector*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Sandra L. Nimrick*, Assistant Attorney General, for appellee Industrial Commission.

———————————

**Per Curiam.**

{¶ 5} This cause presents two issues for our review: (1) Did the commission adequately explain its decision in accordance with *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245? and (2) Is Jackson eligible for PTD under *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666? For the reasons that follow, we hold that the commission failed to sufficiently explain how Jackson's age and prior work experience combined with his education to permit employment, but that Jackson has not established his permanent and total disability. Accordingly, we reverse the court of appeals' judgment as to the commission's compliance with *Noll*, but we reject Jackson's claim for relief under *Gay*.

*Noll* Compliance

{¶ 6} If the commission fails to cite evidence of record showing that a claimant's permanent medical impairment is only partial, *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, or to adequately explain how the claimant's nonmedical characteristics, including age, education, experience, etc., combine with the impairment to permit sustained remunerative employment, *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946; *Noll, supra*, its order denying PTD is an abuse of discretion, and a writ of mandamus must issue to correct the abuse. *Gay, supra; State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055. But the commission is also the exclusive evaluator of evidentiary

weight and disability. Thus, when some evidence for the commission's decision exists, the decision must be upheld even if contradicted by other evidence a reviewing court considers more persuasive. *Id.* at 376, 658 N.E.2d at 1058.

{¶ 7} The court of appeals correctly found some evidence for the commission's finding that Jackson was only partially impaired due to his allowed conditions and still physically able to work with restrictions.[1] While Jackson relies on his physician's and vocational expert's reports, Dr. Jerry McCloud reported in June 1993 that Jackson was permanently but not totally impaired based on his two allowed conditions and able to work with restrictions:

"It is my opinion that the medical evidence would indicate that the claimant is capable of work activities. He is not capable of his 1990 employment. The changes are permanent and he has reached a level of maximum medical improvement and in [the second claim] demonstrates a permanent partial impairment of 45% related to the loss of active lumbar and cervical reserve and those changes in his left shoulder. This estimation is compatible with recommendations made in the Third Edition of the AMA Guidelines on Physical Impairment. There is 0% impairment in [the first claim]. Future requests for ongoing conservative treatment or other forms of conservative measures should not be approved as they will not be of lasting benefit to the claimant. He does have soft tissue injuries which are approaching three years of age and these will not respond in a positive fashion to ongoing or persistent conservative treatments nor significantly alter his future clinical prospects."

---

1. The parties do not mention it, but the commission's order identifies only the first of Jackson's two allowed conditions, which suggests that it did not consider the second. To deny PTD without considering all relevant allowed conditions is an abuse of discretion for which mandamus is the remedy. *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 339, 533 N.E.2d 720. Here, however, the commission relied on reports from Drs. Kaffen and McCloud, both of whom took into account Jackson's two injuries. This reliance tends to confirm the commission's appreciation of both claims. Thus, in *State ex rel. Zollner v. Indus. Comm.* (1993), 66 Ohio St.3d 276, 611 N.E.2d 830, we preserved a commission order with the same defect.

**{¶ 8}** With respect to the commission's explanation of how Jackson's nonmedical characteristics did not foreclose employment, the court of appeals' referee found:

"[T]he commission stated that it considered claimant's age of fifty-seven, G.E.D., and work experience as a construction laborer and concluded that those factors, particularly the G.E.D., combined with the physical ability to perform some work within certain restrictions, do not prevent relator from performing sustained remunerative employment. The commission's explanation, although brief, suggests that the commission considered relator's age and education to be assets to reemployment, thereby providing adequate reasoning for the decision. See *State ex rel. Murray v. Mosler Safe Co.* (1993), 67 Ohio St.3d 330 [617 N.E.2d 1118]."

**{¶ 9}** Adopting this finding, the court of appeals stated:

"Although the commission's explanation of its reasoning is indeed brief, it is clear that the commission considered relator's 'relatively high level of education' as a dispositive factor in determining relator's employability within the restrictions listed by Dr[.] McCloud * * *. While a more detailed explanation of the commission's reasoning would be preferable, we are not prepared to say that the explanation is too brief to meet the requirements of *Noll, supra*. Moreover, this court is not at liberty to substitute its judgment for that of the commission simply because it may disagree on the impact of relator's nonmedical disability factors. *State ex rel. Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92 [609 N.E.2d 164]. Accordingly, relator's objection is overruled."

**{¶ 10}** Jackson complains that the commission merely reported his age and work history without meaningful discussion. He cites *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 458, 619 N.E.2d 1018, 1022, which recognized that "[s]pecific recitation [of nonmedical factors], without more, is only slightly better than that the old boilerplate language assailed in *Noll*." Absent the requisite

explanation, "[t]hese factors are susceptible [of] both positive or negative interpretations depending on the reviewer, and, therefore, mere recitation gives no insight into the commission's reasoning." *Id. Waddle* thus directed the commission to specify in its orders whether nonmedical factors were considered an asset or detriment to employment and warned that noncomplying orders would result in a writ requiring an adequate explanation. Thus, in *State ex rel. Pierce v. Indus. Comm.* (1997), 77 Ohio St.3d 275, 277, 673 N.E.2d 1304, 1306, we rejected as insufficient a commission order denying PTD because it (1) merely acknowledged a claimant's age (sixty-two) and education (tenth grade with G.E.D.) and (2) failed to specify what marketable skills a former ironworker had or could develop to obtain sedentary employment.

{¶ 11} The commission does not defend its silence on the marketability of any skills or abilities generated by Jackson's prior work experience, but it insists that it treated Jackson's age as an employment asset and observed that he had "last worked less than [three] years ago." The commission may have inferred from Jackson's recent employment that age was not an appreciable barrier for him in the job market, but this is pure speculation. *Waddle* disapproved of orders requiring such conjecture, admonishing the commission to "say so" if it views one or more nonmedical factors as employment assets. *Id.*, 67 Ohio St.3d at 458, 619 N.E.2d at 1022.

{¶ 12} The court of appeals concluded that the commission considered Jackson's G.E.D. dispositive on the issue of his ability to be rehired. *Waddle* and *Pierce,* however, hold that the commission must do more — it must also specify the extent to which age and employment history may impede or promote a claimant's reemployment prospects. Thus, contrary to the court of appeals' judgment, the commission's order in this case is too cursory to withstand scrutiny under *Noll, supra. State ex rel. Bruner v. Indus. Comm.* (1997), 77 Ohio St.3d 243, 245, 673 N.E.2d 1278, 1280 (mandamus issued to require the commission to

adequately explain how claimant's experience in window washing and maintenance promoted reemployment in sedentary or light duty job).

{¶ 13} Jackson also complains that the commission did not properly credit the report of his vocational expert, citing *State ex rel. Hopkins v. Indus. Comm.* (1994), 70 Ohio St.3d 36, 635 N.E.2d 1257. Jackson argues, and rightly so, that *Hopkins* holds that the commission abuses its discretion by disregarding, as it did here, the only vocational report in the record. *Id.* at 40, 635 N.E.2d at 1260.

{¶ 14} *Hopkins*, however, is contrary to established authority that the commission, as the exclusive evaluator of disability, is not bound to accept vocational evidence, even if uncontradicted. Rather, upon a determination of claimant's permanent partial impairment, the commission's charge is to review the evidence of the claimant's age, education, work history, and other relevant nonmedical characteristics and to decide for itself from that evidence whether the claimant is realistically foreclosed from sustained remunerative employment. The commission may credit offered vocational evidence, but expert opinion is not critical or even necessary, because the commission *is* the expert on this issue. Thus, in *State ex rel. Singleton v. Indus. Comm.* (1994), 71 Ohio St.3d 117, 118, 642 N.E.2d 359, 361, another case in which the commission rejected the sole vocational report in the record, we explained:

"Claimant's challenge rests on the erroneous belief that the commission was bound by [the vocational expert's assessment of claimant's claim for permanent and total disability]. Part of the commission's authority to weigh and evaluate evidence, however, is the freedom to reject it as unpersuasive. Particularly as to vocational assessments, '[t]o bind the commission to a rehabilitation report's conclusion makes the rehabilitation division, not the commission, the ultimate evaluator of disability, contrary to [*Stephenson, supra*].' *State ex rel. Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92, 94, 609 N.E.2d 164, 166."

**{¶ 15}** *Singleton,* being the more recent and consistent statement of the law, requires the conclusion that the commission had authority to reject Jackson's vocational expert's report. Thus, we concur in the court of appeals' finding that the commission permissibly rejected Jackson's vocational evidence.

*Gay* Relief

**{¶ 16}** *State ex rel. Gay v. Mihm, supra,* permits a reviewing court to award PTD where the commission has failed to comply with the specificity requirements of *Noll, supra,* and the record shows that a commission decision denying PTD would necessarily be an abuse of discretion. *Pass, supra*, 74 Ohio St.3d at 376, 658 N.E.2d at 1058. However, if the record is insufficient or the claimant's nonmedical factors are split between favorable and unfavorable considerations, reviewing courts should order the commission to comply with *Noll* regardless of whether the commission ultimately grants or denies PTD. *State ex rel. Ranomer v. Indus. Comm.* (1994), 71 Ohio St.3d 134, 137, 642 N.E.2d 373, 376.

**{¶ 17}** For the reasons already discussed, Jackson has failed to establish his eligibility for *Gay* relief. While the commission did not specify how Jackson's age and employment history combined with his medical condition and restrictions and his education to make him employable, it did assess his education level to be a marketable asset. As at least one nonmedical factor suggests Jackson's capacity for employment, this record does not compel the conclusion that Jackson is inevitably permanently and totally disabled.

**{¶ 18}** Having found that the commission did not comply with *Noll*, but that Jackson is not entitled to relief under *Gay*, we reverse the court of appeals' judgment and grant a limited writ ordering the commission to review Jackson's application further and issue an amended order.

*Judgment reversed*
*and limited writ granted.*

MOYER, C.J., RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

D<span>OUGLAS</span>, J., concurs in judgment only.

C<span>OOK</span> and L<span>UNDBERG</span> S<span>TRATTON</span>, JJ., dissent.

--------------------

**L<span>UNDBERG</span> S<span>TRATTON</span>, J., dissenting.**

{¶ 19} The appropriate standard for this court's review is to determine whether there is "some evidence" in the record to support the stated basis for the commission's decision. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Because the record below contains "some evidence" in support of the commission's decision, I would affirm the court of appeals.

C<span>OOK</span>, J., concurs in the foregoing dissenting opinion.

--------------------