DECISION
{¶ 1} Relator, Richard B. Maynard, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order that denied him permanent total disability ("PTD") *Page 2 
compensation and to order the commission to find that he is entitled to said compensation.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
 {¶ 3} Relator asserts in his objections that the commission did not evaluate the disability factors as mandated by State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record, and other relevant non-medical factors pursuant to State ex rel. Stephenson. Thus, a claimant's medical capacity to work is not dispositive if the claimant's non-medical factors foreclose employability. State ex rel.Gay v. Mihm (1994), 68 Ohio St.3d 315.
 {¶ 4} In the present case, relator contends that the commission, without any probative evidence to support such, found his prior work activity demonstrated the ability to successfully interact with other people, work with complex instructions, assume responsibility, supervise others, and do sophisticated and responsible work. We concur with the commission's assessment of the non-medical factors. In its order, the staff hearing officer ("SHO") indicated that relator had an impressive work history, including *Page 3 
military service as a training officer, an employee at a gardening store where he had a supervisory role over three to four people, a firefighter, and a sales position at a plumbing store. The record before the SHO supported these findings. In relator's application for PTD compensation, relator indicated he worked for 14 years in a garden center, worked four years in building maintenance, and worked several months in the plumbing department of a home improvement store. In the building maintenance and garden center positions, relator made truck deliveries to numerous stores, remodeled several stores, installed plumbing and electric, followed building codes, and supervised three to four temporary employees. As a firefighter, relator wrote reports on home and building inspections and supervised up to nine other individuals. We find this evidence of relator's past employment experience supported the SHO's conclusions. Therefore, relator's objections are overruled.
 {¶ 5} After an examination of the magistrate's decision, an independent review of the evidence, pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections. Accordingly, we adopt the magistrate's decision as our own with regard to the findings of fact and conclusions of law, and we deny relator's request for a writ of mandamus.
 Objections overruled; writ of mandamus denied. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS {¶ 6} In this original action, relator, Richard B. Maynard, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation, and to enter an order granting said compensation. *Page 5 
Findings of Fact: {¶ 7} 1. On November 19, 1983, relator sustained an industrial injury while employed as a firefighter for the City of Columbus. The industrial claim is allowed for "strain right knee; twisted right knee; anxiety disorder; disc herniation; degenerative disc at L5-S1; tear medial meniscus right knee; L5-S1 spinal stenosis," and is assigned claim number PEL45991.
 {¶ 8} 2. On April 27, 2006, relator filed an application for PTD compensation. On the application, relator indicated that he graduated from high school in 1952, and that he had received special training as a firefighter.
 {¶ 9} 3. The application form posed three questions to the applicant: (1) "Can you read?" (2) "Can you write?" and (3) "Can you do basic math?" Given the choice of "yes," "no" and "not well," relator selected the "yes" response to all three queries.
 {¶ 10} 4. The application form asks the applicant to provide information regarding work history. Relator indicated that he was employed as a firefighter from 1959 to 1986. During his career as a firefighter, relator supervised "up to 9 individuals." He also wrote reports on "home and building inspections."
 {¶ 11} Relator further indicated that he was employed at a garden center from 1980 to 1994. From 1994 to 1998, relator was employed in "[building] maintenance" where his duties included "plumbing, electrical and carpenter work." He supervised three to four employees in that job.
 {¶ 12} Relator also worked as a salesman in a plumbing department from March 1998 to May 1998, according to the application. *Page 6 
 {¶ 13} 5. On August 17, 2006, at the commission's request, relator was examined by Robin G. Stanko, M.D. In his report, Dr. Stanko wrote: "I feel with respect to the allowed musculoskeletal work conditions, the claimant could perform activity at sedentary work levels, that is lifting up to 10 pounds with limited walking, bending, and twisting activity."
 {¶ 14} 6. Also on August 17, 2006, at the commission's request, relator was examined by psychologist Earl F. Greer, Jr., Ed.D. In his report, Dr. Greer wrote:
 * * * The degree of emotional impairment due to his industrial accident on 11/19/1983 would currently not be expected to solely prevent him from returning to his former position of employment. Work would be expected to be therapeutic, enhancing self-worth. Concentration, persistence and pace were adequate.
(Emphasis sic.)
 {¶ 15} 7. In further support of his PTD application, relator submitted a report dated October 7, 2006, from Molly S. Williams, a vocational expert. In her report, Williams concludes:
 * * * [W]hen the disability factors are correctly identified, stated, and considered: an individual unable to perform his past relevant work as a Building Maintenance Worker; an individual of advanced age (age fifty-five or over); an individual with a high school education completed in the remote past (1952); an individual with no transferable skill(s); and an individual not expected to make a vocational adjustment to other work based upon the allowed physical impairments as assessed by The Industrial Commission's Specialist, Robin G. Stanko, M.D., it is obvious that the claimant is permanently and totally disabled.
 {¶ 16} 8. Following an October 18, 2006 hearing, a staff hearing officer ("SHO") issued an order denying relator's PTD application. The SHO's order states: *Page 7 
 This order is based particularly upon the reports of Drs. Greer and Stanko.
 Claimant is 72 years old. He is a high school graduate. He has a varied, skilled, and impressive work history. Military service includes an assignment as a training officer for a U.S. Naval Air Station. He was a Columbus firefighter from 1959 to 1986. After retirement from firefighting, the claimant worked in a Plantland store at tasks which he described as remodeling stores, building greenhouses, installing plumbing and electrical facilities, landscaping, carpentry, and supervising three to four people. Finally, claimant briefly worked in a sales position in a plumbing store, but found he was no longer physically able to do this work. Claimant last worked on May 2, 1998, at the age of 64.
 Claimant has one allowed and jurisdictionally active industrial claim. On 11/19/1983, while fighting a dumpster fire, he slipped on trash. His claim has been allowed for various conditions in the right knee and lower back, all as listed above. Additionally, his claim has also been allowed for the psychological condition listed above.
 Claimant was examined at the direction of the Industrial Commission on 08/17/2006 by Robin G. Stanko, M.D., a physical medicine and rehabilitation specialist. Dr. Stanko concluded that the claimant's total combined physical impairment from allowed injuries is fifteen percent of the whole person. As a result of these injuries, the claimant is limited to, but still can perform, sedentary work levels.
 Relying upon the report of Dr. Stanko, the Staff Hearing Officer finds that the claimant is able to engage in sustained remunerative work activities at the sedentary level when the effects of all his allowed physical injuries are considered.
 Claimant was also referred by the Industrial Commission to an 08/17/2006 examination by Earl F. Greer, Jr., Ed.D., a psychologist. Dr. Greer evaluated the claimant with respect to his impairment and residual capacities when the effects of his allowed anxiety disorder are considered. Dr. Greer found the claimant to exhibit a global assessment of functioning of seventy, and to have a fifteen percent whole person impairment on a psychological basis. Dr. Greer concluded that the claimant's emotional impairments would not prevent *Page 8 
him from returning to his former position of employment or other work, and that work would be expected to be therapeutic by enhancing self worth. Dr. Greer found the claimant's concentration, persistence, and pace to be adequate.
The Staff Hearing Officer adopts Dr. Greer's conclusions concerning the claimant's residual functional capacities when the effects of his allowed psychological condition are considered.
 Claimant is 72 years old. This is beyond customary retirement age in this society. This is an age which would ordinarily be expected to significantly interfere with adaptation to new work. Claimant worked until he was 64. The Staff Hearing Officer finds the claimant's age to be a negative factor in evaluating his re-employment potential. However, an individual cannot simply age into permanent total disability, that is, retirement is normal because all people have declining capacities as they age.
 Claimant has a high school education. His prior work activities demonstrate the ability to successfully interact with other people, work with complex instructions, assume responsibility, supervise others, and otherwise do sophisticated and responsible work. Claimant's prior work activities are a strongly positive factor in evaluating his re-employment potential.
 Claimant is physically able to engage in sedentary work. His psychological condition leaves him with adequate persistence, pace, ability to concentrate, and ability to interact with others.
 Taking all of these factors together, it is the finding of the Staff Hearing Officer that the claimant is not permanently and totally disabled from all forms of sustained remunerative employment as the result of the allowed conditions in this claim. He clearly displays the ability to learn, and engage in, typical entry level sedentary work. His is intelligent, adaptable, and has a good education. The Staff Hearing Officer has considered the claimant's testimony at today's hearing that his discomforts render him irritable around other people. Even accepting this testimony at face value, with due regard to the report of Dr. Greer, the claimant is not *Page 9 
removed from the level of interpersonal exchange necessary to engage in typical entry level sedentary work. Indeed, from a psychological standpoint, a return to work is expected to be therapeutic, so long as it does not exceed the claimant's physical limitations. Taking all of these factors together, claimant's] application to be awarded permanent and total disability is denied.
 {¶ 17} 9. On January 3, 2007, relator, Richard B. Maynard, filed this mandamus action.
Conclusions of Law: {¶ 18} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 19} For its threshold medical determination, the commission, through its SHO, relied upon the reports of Drs. Stanko and Greer. Relator here does not challenge the commission's reliance upon those reports. However, relator does challenge the commission's analysis of the nonmedical factors.
 {¶ 20} Citing State ex rel. Bruner v. Indus. Comm. (1997),77 Ohio St.3d 243, State ex rel. Pierce v. Indus. Comm. (1997),77 Ohio St.3d 275, and State ex rel. Haddix v. Indus. Comm. (1994), 70 Ohio St.3d 59, relator suggests that the commission's order is flawed because it fails to identify transferable skills that can assist relator in finding sustained remunerative employment. Relator's reliance on those cases is misplaced.
 {¶ 21} Here, the commission's analysis of the nonmedical factors does not contain a finding that relator possesses transferable skills.
 {¶ 22} Ohio Adm. Code 4121-3-34(B)(3)(c)(iv) states:
 "Transferability of skills" are skills which can be used in other work activities. Transferability will depend upon the similarity of occupational work activities that have been performed by *Page 10 
the injured worker. Skills which an individual has obtained through working at past relevant work may qualify individuals for some other type of employment.
 {¶ 23} While the commission found that relator's prior work activities are "a strongly positive factor," the commission specifically identified the factors supporting this conclusion. The commission did not specifically find transferability of skills, but did find "[h]is prior work activities demonstrate the ability to successfully interact with other people, work with complex instructions, assume responsibility, supervise others, and otherwise do sophisticated and responsible work."
 {¶ 24} Relator suggests that there is no evidence to support the above-quoted portion of the order. (Relator's Reply brief, at 2.)
 {¶ 25} Clearly, the information relator provided in the work history section of his PTD application supports the above-quoted portion of the commission's order. Relator admits in his application that he acted in a supervisory role while employed as a firefighter and while employed in building maintenance. Thus, relator's own statements support the commission's findings.
 {¶ 26} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.